PER CURIAM.
In this appeal, Sean MeMonagle challenges the trial court’s revocation of his probation and the trial court’s order of restitution. We find no error in the determination that MeMonagle violated his probation, and affirm the revocation without discussion. However, the trial court erred by ordering restitution for damages unrelated to the crime for which MeMonagle was being convicted and sentenced.
On October 2, 1992, MeMonagle was charged with unlawful use of a credit card to obtain goods, in violation of section 817.61, Florida Statutes (1991). He pleaded nolo contendere and was placed on six months of community control followed by eighteen months of probation. In December 1993, MeMonagle was arrested for violating his probation by failing to pay his cost of supervision and by committing the offense of grand theft. After a hearing, the trial court found that MeMonagle had violated both probation conditions, revoked his probation and sentenced him to thirty months in prison. The court also ordered MeMonagle to pay $628.00 as restitution for the theft.
Restitution is properly awarded for damages related to the crime for which a defendant is being sentenced. See Bowen v. State, 646 So.2d 305 (Fla. 5th DCA 1994); Ochoa v. State, 596 So.2d 515 (Fla. 2d DCA 1992). In this case the restitution that was ordered to be paid was not related to the 1992 charge for which MeMonagle was being sentenced upon revocation of probation. Therefore, the restitution award was error and must be reversed. In all other respects, the judgment and sentence is affirmed.
Affirmed in part, reversed in part.
DANAHY, A.C.J., and BLUE and FULMER, JJ., concur.